IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00860 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES MOSER (07) and | ) | |
| WILLIAM SHINYAMA (15), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT WILLIAM SHINYAMA'S AND**
**DEFENDANT JAMES MOSER'S MOTIONS FOR RECONSIDERATION**

Before the Court are: Defendant William Shinyama's ("Shinyama") Motion for Reconsideration of the Order Granting Government's Motion to Detain Defendant Without Bail ("Shinyama's Motion"); and Defendant James Moser's ("Moser") Motion for Reconsideration of Detention ("Moser's Motion", collectively "the Motions"),[1] both filed on April 21, 2014.  [Dkt. nos. 264, 269.] On April 28, 2014, Plaintiff the United States of America ("the Government") filed a memorandum in opposition to each of the Motions.  [Dkt. nos. 280, 281.]  Later that day, Shinyama filed his reply.  [Dkt. no. 282.]

These matters came on for an evidentiary hearing on April 30, 2014.  At the hearing, this Court granted the Government leave to file supplemental briefs.  The Government filed a supplemental memorandum in opposition to each of the

---

[1] Moser's Motion includes a joinder in Shinyama's Motion.

Motions on May 6, 2014.  [Dkt. nos. 297, 298.]  After careful consideration of the Motions, supporting and opposing memoranda, and the arguments of counsel, Moser's Motion and Shinyama's Motion are HEREBY DENIED for the reasons set forth below.

## BACKGROUND

On September 12, 2013, the grand jury issued an eleven-count Indictment against eighteen defendants, including Moser and Shinyama.  Count Two of the Indictment charges Moser with violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), (b)(1) and 18 U.S.C. § 1961(1).  It alleges that, on or about July 9, 2009, Moser assaulted D.G. "for the purpose of gaining entrance to, and maintaining and increasing position within [the prison gang known as] the 'USO Family.'"  [Indictment at 9-10.]  Count Four charges Shinyama, and others, with violent crimes in aid of racketeering.  It alleges that, on or about February 17, 2013, they assaulted B.L. "for the purpose of gaining entrance to, and maintaining and increasing position within the USO Family."  [Id. at 11-13.]  At the time of the respective assaults, Moser, D.G., Shinyama, and B.L. were incarcerated at the State of Hawaii's ("the State") Halawa Correctional Facility ("Halawa").

Shinyama appeared for his arraignment on September 24, 2013 and entered a plea of not guilty to the Indictment.  The magistrate judge ordered him detained, and he submitted to

detention.  [Minutes, filed 9/24/13 (dkt. no. 52).]

Also on September 24, 2013, the Government filed its Motion to Detain Defendants Without Bail ("Detention Motion"), seeking to detain sixteen of the defendants, including Moser and Shinyama, pursuant to 18 U.S.C. § 3142.  [Dkt. no. 53.]  The Detention Motion was terminated as to Shinyama because he submitted to detention.  According to the Government, Shinyama arrived at the Federal Detention Center in Honolulu ("FDC") on September 24, 2014 "as a United States Marshals Service (USMS) pretrial inmate who was borrowed via a writ of habeas corpus ad prosequendum from the State of Hawaii with whom he was serving a sentence of imprisonment."  [Mem. in Opp. to Shinyama's Motion at 3.]  He has been housed at FDC in the Special Housing Unit ("SHU") as an administrative detainee since that time.  [Id.]

Moser's arraignment was on October 15, 2013, and he entered a plea of not guilty to the Indictment.  [Minutes, filed 10/15/13 (dkt. no. 128).]  At Moser's October 18, 2013 detention hearing, the magistrate judge granted the Detention Motion. [Minutes, filed 10/18/13 (dkt. no. 141).]  The magistrate judge found that Moser was both a flight risk and a danger to the community.  [Detention Order Pending Trial, filed 10/22/13 (dkt. no. 149), at 2.]  According to the Government, Moser arrived at FDC on October 15, 2013 and has been housed in the SHU in administrative detention since that time.  He was also borrowed

from the State pursuant to a writ of habeas corpus ad prosequendum. [Mem. in Opp. to Moser's Motion at 3.]

At a hearing on April 4, 2014, this Court accepted Shinyama's plea of guilty to Count Four and scheduled his sentencing hearing for July 31, 2014. [Minutes, filed 4/4/14 (dkt. no. 251).] Shinyama's Motion asks this Court to reconsider the magistrate's detention order and to grant him bail so that he can serve the remaining time prior to his sentencing hearing at Halawa. He argues that he would not be a flight risk or a danger to the community if he is released to Halawa. In addition, Shinyama argues that: because he is being held in the SHU, "he has been deliberately deprived of many privileges and forced to live under inhumane and intolerable conditions[;]" and FDC officials have retaliated against him for filing a grievance regarding "the cruel and insufferable conditions." [Shinyama's Motion at 2-3.] According to Shinyama, the inhuman and intolerable conditions include, *inter alia*: maggots in inmates' food; insufficient access to clean clothes; insufficient access to warm clothes and/or blankets; insufficient recreation time; insufficient access to hygiene items and personal food and drink items; and insufficient contact visits with family members. He contends that many of these conditions would be resolved if he were transferred out of the SHU and into the general FDC population. [Id. at 4.] He also states that he has been

4

subjected to the following forms of retaliation: pretextual disciplinary "write ups" after he made complaints about the intolerable conditions in the SHU; having his radio taken away and his phone privileges restricted; pretexual cell searches; and taunting, insults, and indifference from FDC staff in response to his complaints about the intolerable conditions. [Id. at 3-5.] Shinyama asserts that "he has been treated like an 'animal' at the FDC SHU." [Id. at 5.]

Moser's Motion argues that this Court should release him to the State's custody while this case is pending.[2] He also argues that, because he is currently serving a State prison term, he would be neither a flight risk nor a danger to the community. Moser joins in the other arguments in Shinyama's Motion, to the extent that "said motion is applicable to him." [Moser's Motion at 2.]

At the April 30, 2014 evidentiary hearing, this Court heard testimony by Shinyama and Defendant Tineimalo Adkins ("Adkins").[3] Adkins testified that one of the other co-

---

[2] On August 13, 2014, this Court accepted Moser's plea of guilty to Count Four and scheduled his sentencing hearing for December 11, 2014. [Minutes, filed 8/13/14 (dkt. no. 462).]

[3] On April 23, 2014, Adkins filed his motion for reconsideration of his detention order, with a joinder in Shinyama's Motion. [Dkt. no. 274.] This Court heard argument regarding Adkins's motion at the evidentiary hearing. This Court denied Adkins's detention appeal on May 14, 2014. [Dkt. no. 311 (Minutes).]

(continued...)

defendants in this case (who Adkins did not identify by name) obtained a copy of the policies applicable to inmates in the SHU. The co-defendant confronted FDC Lieutenant Kline about why they were not being provided with the number of clothing items specified in the policy. According to Adkins, Lieutenant Kline responded in a verbally aggressive manner, and FDC staff later conducted a "shake down" of the cells of the co-defendants in this case. [4/30/14 Hrg. Trans. at 10.] He stated that, when the co-defendants went to their monthly hearings to review their SHU assignments, they were taken together and all of their cells were "shaken down" while they were gone. Adkins asserted that this was to dissuade them from going to the hearings. [Id. at 20.] He also claimed that the FDC staff was not responding to their inmate grievances and other requests, and that the staff was not allowing them to make phone calls to their attorneys. [Id. at 11, 18-19.] Adkins stated he has been denied: access to the law library; the opportunity to practice his religion; and necessary medical treatment. He did not specify whether his co-defendants were also experiencing those denials. [Id. at 13-14, 24.]

---

[3](...continued)
Moser was physically unable to testify at the evidentiary hearing because of a recent accident in which he fractured his jaw. [Trans. of 4/30/14 Evidentiary Hrg. ("4/30/14 Hrg. Trans."), filed 5/21/14 (dkt. no. 318), at 6.]

6

In addition to the conditions described in his motion, Shinyama testified that: the FDC staff was interfering with his receipt of books that he ordered through the mail; and the staff denied him access to a computer, which he needed to review discovery that his counsel sent to him on CDs. Once he did have access to a computer, he still could not review the discovery because he did not know how to open the files, and the FDC staff did not assist him. [Id. at 70-73.] He testified that he is "frustrated" and "disgusted" with "the situation that [he] and [his] codefendants [have been] going through for the last seven months." [Id. at 79.] According to Shinyama, when he was in segregation at Halawa it was "a lot better" than being in the FDC SHU. [Id. at 80.]

The Government's supplemental memoranda addressed the issues which arose during the testimony at the evidentiary hearing but which the parties had not addressed in the documents filed prior to the hearing.

## **STANDARD**

Although neither Moser's Motion nor Shinyama's Motion cites 18 U.S.C. § 3145(b),[4] each appears to invoke that statute to seek review of his respective detention order by the

---

[4] Section 3145(b) states, in pertinent part: "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."

magistrate judge.

A district judge must review a magistrate judge's pretrial detention order de novo. United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990). However, the district judge "is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id. at 1193. "The standard of review for pretrial detention orders is one of deference to the [magistrate judge's] factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld." United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991) (citation omitted). The district judge must ultimately make its own de novo determination of the facts and of the propriety of detention. Koenig, 912 F.2d at 1193.

## DISCUSSION

I. **Moser's Pretrial Detention**

> The Bail Reform Act governs the detention of a defendant pending trial. 18 U.S.C. § 3142 (2006). The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). . . . A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B).

United States v. Hir, 517 F.3d 1081, 1085-86 (9th Cir. 2008)

8

(footnote omitted). A finding that the defendant is a flight risk must be supported by "a clear preponderance of the evidence." United States v. Townsend, 897 F.2d 989, 994 (9th Cir. 1990).

The same standards apply in this Court's de novo review of the magistrate judge's detention order. This Court cannot find, by a preponderance of the evidence, that Moser is a flight risk. Moser would be released to Halawa, and there is no evidence in the record that he may escape. Further, there is no reason to believe that the State would refuse to return him to this district court for trial or for other proceedings in this case.[5] This Court therefore focuses on the question of whether there is a release condition, or combination of release conditions, that would reasonably assure the safety of any other person and the community.

In determining whether conditions of release will reasonably assure the safety of any other person and the community, a district court must consider the following information:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor

---

[5] As previously noted, Moser changed his plea after the filing of his motion. This Court reviews Moser's Motion under the pretrial detention standards because he was seeking pretrial release when he filed the motion.

9

>        victim or a controlled substance, firearm,
>        explosive, or destructive device;
>
>        (2) the weight of the evidence against the person;
>
>        (3) the history and characteristics of the person,
>        including -
>
>            (A) the person's character, physical and
>            mental condition, family ties, employment,
>            financial resources, length of residence in
>            the community, community ties, past conduct,
>            history relating to drug or alcohol abuse,
>            criminal history, and record concerning
>            appearance at court proceedings; and
>
>            (B) whether, at the time of the current
>            offense or arrest, the person was on
>            probation, on parole, or on other release
>            pending trial, sentencing, appeal, or
>            completion of sentence for an offense under
>            Federal, State, or local law; and
>
>        (4) the nature and seriousness of the danger to
>        any person or the community that would be posed by
>        the person's release. . . .

§ 3142(g)(1)-(4).

Having carefully considered these factors, this Court finds that they clearly weigh against Moser's release. Moser is charged with a violent offense, and the case against him is strong. D.G. and another witness identified Moser as the assailant, and Moser told federal agents that he joined the USO gang when he returned to the general population from Halawa's SHU after the assault. Moser also has a significant criminal history, and was serving a state term of imprisonment when he allegedly committed the charged offense. See Mem. in Opp. to Moser's Motion at 5-6. Moser asks this Court to return him to

the community where he allegedly committed the offense, and where he would likely have the opportunity to resume his involvement in the USO gang. Under these circumstances, this Court must find that there is no condition or combination of conditions that would reasonably assure the safety of any other person and the community.

To the extent Moser's Motion asks this Court to reconsider the magistrate judge's detention order, the motion is DENIED.

## II. Shinyama's Detention Pending Sentencing

At the time Shinyama filed his motion, he had already pled guilty to Count Four. The Government represents that Count Four is "a crime of violence that has a maximum sentence of more than 10 years," as described in 18 U.S.C. § 3142(f)(1)(A).[6]

---

[6] Section 3142(f) states, in pertinent part:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community -
>
> > (1) upon motion of the attorney for the Government, in a case that involves -
> >
> > > (A) **a crime of violence**, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) **for which a maximum term of imprisonment of 10 years or more is prescribed**[.]

(continued...)

[Mem. in Opp. to Shinyama's Motion at 4.] Shinyama has not disputed this. <u>Accord</u> Judgment in a Criminal Case, filed 8/4/14 (dkt. no. 435), at 2 (sentencing Shinyama to 163 months of imprisonment).

> 18 U.S.C. § 3143(a)(2) states:
>
> The judicial officer **shall order that a person** who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence **be detained** unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

(Emphases added.)

In light of Shinyama's guilty plea, he cannot establish a substantial likelihood that this Court will grant a motion for acquittal or a motion for a new trial. Further, at the time Shinyama filed his motion, it was clear that the Government was going to recommend a sentence of imprisonment. Under § 3143(a)(2), Shinyama must establish one of the circumstances

---

⁶(...continued)
(Emphases added.)

12

described in subsection (A) **and** the subsection (B) requirements that he is not a flight risk or a danger to another person or the community. In light of Shinyama's inability to establish any of the subsection (A) circumstances, this Court finds that Shinyama has not overcome the § 3143(a)(2) presumption that he should be detained pending sentencing.

Although Shinyama is subject to detention pursuant to § 3143(a)(2), this Court must also determine whether Shinyama's release would be appropriate under 18 U.S.C. § 3145(c), which states:

> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The conditions of release set forth in § 3143(a)(1) are: "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[;]" and the person is released "in accordance with section 3142(b) or (c)."[7]

---

[7] Section 3142(b) governs "Release on personal recognizance or unsecured appearance bond," and § 3142(c) governs "Release on
(continued...)

In reviewing Shinyama's Motion, this Court is primarily concerned with the question of whether he would be a danger to any person or the community if released to Halawa. This Court, however, also notes that there is some evidence which suggests that he may be a flight risk. At the evidentiary hearing, Shinyama admitted that he tried to escape three times when he was held in a Maui jail during the 1990s, and he has been convicted twice of felony escape. [4/30/14 Hrg. Trans. at 74, 82.] Shinyama testified that he never tried to escape when he was held at Halawa, which he asserted "is escape-proof." [Id. at 74.] In light of this Court's finding regarding dangerousness, it is not necessary for this Court to make a finding on the issue of whether Shinyama is a flight risk, and this Court declines to do so at this time.

Like Moser, Shinyama asks this Court to return him to the community in Halawa where Shinyama committed the offense, which he pled guilty to, and where he will likely have the opportunity to resume his involvement in the USO gang. In addition, as noted by the Government at the evidentiary hearing, Shinyama has admitted that he had some amount of control in the gang as a "shot caller." For example, he would order people to commit assaults. Shinyama also admitted that USO members bribed

---

⁷(...continued)
conditions."

14

prison guards.  [4/30/14 Hrg. Trans. at 100.]  Under these circumstances, this Court must find that there is no condition or combination of conditions that would reasonably assure the safety of any other person and the community if this Court released Shinyama to Halawa.

Insofar as Shinyama does not meet the conditions of release set forth in § 3143(a)(1), this Court does not reach the issue of whether "there are exceptional reasons why [Shinyama's] detention [is] not . . . appropriate."  See § 3145(c).  This Court therefore concludes that Shinyama is not entitled to relief under § 3145 from the magistrate judge's detention order.

To the extent Shinyama's Motion asks this Court to reconsider the magistrate judge's detention order, the motion is DENIED.

**III. Request for Transfer**

Moser and Shinyama each argues that, if this Court declines to release him to Halawa, it should order FDC to transfer him from the SHU to the general population.

The Government concedes that Moser and Shinyama's placement in the SHU is not to reprimand them for misbehavior or because of dangerousness.  They have been placed in the SHU merely because of the number of defendants that the Government indicted in this case, many of whom were placed at FDC subject to a "made separate" order.  As a result, by the time of the

evidentiary hearing, Moser had been held in the SHU for six-and-a-half months, and Shinyama had been held in the SHU for a little over seven months. FDC's SHU program was not intended to include such extended periods of confinement. Moreover, this Court recognizes that the treatment which Moser and Shinyama have received as a result of being in the SHU for such an extended period of time borders on the unconscionable.

Unfortunately, in spite of these extraordinary circumstances, this Court must recognize the Bureau of Prisons' ("BOP") discretion in its evaluation and placement of prisoners. As recently stated by the District Court for the Eastern District of California:

> Title 18 U.S.C § 3621(b) gives the BOP authority to "designate the place of the prisoner's imprisonment" and the discretion to "direct the transfer of a prisoner from one penal or correctional facility to another." Title 18 U.S.C. § 3625 prohibits judicial review of "any determination, decision, or order" that the BOP makes under 18 U.S.C. § 3621. See also Tapia v. United States, --- U.S. ----, 131 S. Ct. 2382, 2391-92, 180 L. Ed. 2d 357 (2011). "Although judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority," **review of the BOP's discretionary decisions regarding an individual inmate's place of incarceration falls outside federal courts' subject matter jurisdiction**. Reeb v. Thomas, 636 F.3d 1224, 1227-29 (9th Cir. 2011). "The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison[.]" Meachum v. Fano, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976). Thus "[a]n inmate has no constitutional right to be transferred from

> one facility to another, to avoid such a transfer, to rehabilitation or to unfettered visitation." Reed v. U.S. Bureau of Prisons, No. CV 11-4405 GAF(JC), 2011 WL 5834745 at *4 n.4 (C.D. Cal. Oct. 21, 2011) (citations omitted).

Sharma v. Johnson, No. 2:13-cv-2398 DAD P, 2014 WL 2769139, at *4 (E.D. Cal. June 18, 2014) (brackets and ellipse in Sharma) (emphasis added) (footnote omitted).

For the same reasons, this Court does not have jurisdiction to order FDC to transfer Moser and Shinyama out of the SHU and into the general population. This Court must DENY their requests.

This Court, however, will continue to encourage and even pester the authorities at FDC, as well as the Government's attorneys, to reevaluate Moser, Shinyama, and their co-defendants for placement in the general population, if they continue to be subjected to harshly punitive conditions due to prolonged assignment to the SHU solely on the basis of administrative detention.

## CONCLUSION

On the basis of the foregoing, Shinyama's Motion for Reconsideration of the Order Granting Government's Motion to Detain Defendant Without Bail and Moser's Motion for Reconsideration of Detention, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 30, 2014.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge




**USA VS. JAMES MOSER AND WILLIAM SHINYAMA; CR 13-00860 LEK; ORDER DENYING DEFENDANT WILLIAM SHINYAMA'S AND DEFENDANT JAMES MOSER'S MOTIONS FOR RECONSIDERATION**